IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:19-cv-22261-BB

CRUBIN, LLC, a Florida limited
liability company,

    Plaintiff,

v.

JESUS "ALEX" ESCORIAZA, an
individual,

    Defendant.
_____/

**PLAINTIFF'S EMERGENCY MOTION FOR *EX PARTE* TEMPORARY
RESTRAINING ORDER AND INCORPORATED MEMORANDUM OF LAW**

Pursuant to Rule 65, Federal Rules of Civil Procedure, Plaintiff, CRubin LLC ("***Dynasty Sports***"), hereby files this Emergency Motion for *Ex Parte* Temporary Restraining Order and Incorporated Memorandum of Law (the "***Motion***"). As set forth below, the nature of the emergency is that Dynasty Sports has reason to believe that the Defendant, Jesus "Alex" Escoriaza ("***Escoriaza***"), is actively using and disclosing Dynasty Sports' trade secrets and confidential information, which he misappropriated both during and after his employment, to compete with Dynasty Sports. If a client or competitor has Dynasty Sports' confidential information, it can use that information to replicate Dynasty Sports' systems or processes, ruining Dynasty Sports' business. Dynasty Sports respectfully requests a ruling by June 5, 2019 to avoid, to the extent possible, the immediate and irreparable harm that Dynasty Sports may suffer if its confidential information and trade secrets are being actively used and disclosed by Escoriaza.

1

I. **PRELIMINARY STATEMENT**

Dynasty Sports seeks a temporary restraining order and preliminary injunction enjoining Escoriaza, its former employee, from improperly using and disclosing Dynasty's confidential information and trade secrets in violation of his employment agreements with Dynasty. Dynasty Sports is contemporaneously filing its Emergency Motion for *Ex Parte* Seizure and Evidence Preservation Order and Incorporated Memorandum of Law (the "*Seizure Motion*"). This Motion and the Seizure Motion have different purposes. The Seizure Motion seeks to prevent the damage to Dynasty Sports attendant to Escoriaza's deletion of the evidence of his wrongdoing. This Motion seeks to prohibit Escoriaza from further use and dissemination of Dynasty Sports' trade secrets and confidential information.

II. **FACTUAL OVERVIEW**

For the sake of efficiency, Dynasty Sports incorporates as if fully set forth herein the "Factual Overview" section of its, including the Affidavits of David Thompson, David O'Neal and Stuart Halberg, attached as Exhibit A, B, and C to the Seizure Motion.

III. **MEMORANDUM OF LAW**

**A. Dynasty Sports is Entitled to a Temporary Restraining Order, Restraining Escoriaza from Use and/or Disclosure of Dynasty's Confidential Information**

A movant must demonstrate four factors in seeking a temporary restraining order: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Under Federal Rule of Civil Procedure 65, the Court may issue a temporary restraining order without written or oral notice to the adverse party if: (1) specific facts in an affidavit clearly show that immediate and irreparable

2

injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (2) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

### i. Dynasty Sports Has a Substantial Likelihood of Success on the Merits.

Dynasty Sports is likely to succeed in showing that Escoriaza breached his Employment Agreement. An adequately pled breach of contract action requires three elements under Florida law: (1) a valid contract; (2) a material breach; and (3) damages. *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008). Pursuant to Section 542.335(b), Florida Statutes, a restrictive covenant must be supported by a legitimate business interest, including trade secrets or valuable confidential business or professional information that does not qualify as trade secrets.

In this case, the Employment Agreement is a valid and enforceable contract that protects Dynasty Sports' trade secrets and valuable confidential business information. On his final day, Escoriaza acknowledged its enforceability and his obligations thereunder. In the time immediately prior to and through his last day of employment and in violation of the Employment Agreement and outside the scope of his employment, Escoriaza viewed, accessed and/or downloaded hundreds of Dynasty Sports' confidential files and emailed himself Confidential Information and Trade Secrets, including, but not limited to: (1) sales data; (2) Dynasty Sports' corporate credit card information; (3) a client's username and password to a football playoff ticket account; (3) a confidential purchase-order template; (4) the IP address to one of Dynasty Sports' servers; and (5) passwords to Dynasty Sports' inventory management system and database servers. In further breach of the Employment Agreement, Escoriaza did not return the Confidential Information to Dynasty Sports, and he has not communicated to Dynasty Sports that he destroyed the Confidential Information in his possession. Further, Escoriaza's improper obtaining of the Confidential

Information immediately prior to (and following) his departure evidences Escoriaza's intent to use and/or disclose the Confidential Information outside of Dynasty Sports for Escoriaza's own benefit and in further breach of his Employment Agreement. As a result, Dynasty Sports has been damaged immeasurably and irreparably.

Accordingly, Dynasty Sports has shown that it has a substantial likelihood of success on the merits.

> ii. **Dynasty Sports Will Suffer Irreparable Injury Absent a Temporary Restraining Order.**

"The violation of an enforceable restrictive covenant creates a presumption of irreparable injury to the person seeking enforcement of a restrictive covenant." § 542.335(1)(j), Fla. Stat. The nature and extent of harm already suffered by Dynasty Sports is unknown, because Dynasty Sports does not yet know what Escoriaza has done with the Confidential Information. However, Escoriaza is currently working for a professional sports franchise and Dynasty Sports client. There is a serious and immediate risk that Dynasty Sports will suffer irreparable harm that cannot be remedied at law.

The Confidential Information that Escoriaza took from Dynasty Sports can be used not only to immediately harm Dynasty Sports (such as by using its credit card), it may also be used to access information necessary to replicate Dynasty Sports' systems and business model, thereby ruining Dynasty Sports' business. While Dynasty Sports is aware of at least some Confidential Information that was taken and can take reasonable precautions against further use and disclosure, such as by changing passwords, Dynasty Sports is not yet fully aware of the extent of the Confidential Information taken by Escoriaza, which may far exceed what Dynasty Sports actually knows about at this time. It cannot reasonably predict what else may have been taken or what precautions should therefore be taken to prevent against further use and disclosure.

Additionally, Escoriaza emailed himself a number of documents containing highly confidential information, such as client sales data, product roadmaps, and board-of-directors presentations, that would cause irreparable harm to Dynasty Sports in the hands of a competitor.

If the Confidential Information is used and disclosed, Dynasty Sports' business could be ruined; if a client or competitor has the Confidential Information and can use it to replicate Dynasty Sports' systems or processes. If those systems are replicated, clients' needs for Dynasty services would be vastly diminished. Halberg Aff., ¶¶ 5, 28.

Importantly, Escoriaza agreed that in the event he breached his Employment Agreement, Dynasty Sports "would suffer immediate and irreparable harm… " Halberg Aff., Ex. 4 at ¶ 4.2. Escoriaza further agreed that in the event of his breach or threatened breach of his Employment Agreement, that Dynasty Sports "shall have the right to seek relief from a court to restrain me (on a temporary, preliminary and permanent basis)…" *Id.* As set forth above, Escoriaza breached his Employment Agreement; therefore, Escoriaza has agreed that Dynasty Sports has the right to seek a temporary restraining order and preliminary injunction.

Additionally, Dynasty Sports has just learned that Escoriaza will be running the process in which the Miami-based professional sports team where he works will be soliciting bids to provide the services currently provided by Dynasty Sports. Halberg Aff., ¶ 29. Thus, Escoriaza is at this moment in a position to use Dynasty Sports' Confidential Information against the company as part of this bid process.

Accordingly, Dynasty Sports has shown that it will suffer immediate and irreparable harm if a temporary restraining order is not entered by the Court.

      **iii.**    **The Threatened Injury to Dynasty Sports Outweighs the Harm that Relief Would Inflict Upon Escoriaza.**

The balance of harms weighs decisively in favor of Dynasty Sports. Absent relief, Dynasty Sports will be irreparably harmed by Escoriaza's use and disclosure of the Confidential Information, which could ruin Dynasty Sports' entire business. Escoriaza, on the other hand, has no legal right possess, use, or disclose the Confidential Information or to breach his Employment Agreement, and restraining him from doing so would cause him no harm.

Thus, the balance of hardships overwhelmingly weighs in favor of granting the requested relief.

      **iv.**    **A Temporary Restraining Order Will Serve the Public Interest.**

As stated by Judge Jordan in *Pitney Bowes Inc. v. Acevedo*, "the public has a cognizable interest in the protection and enforcement of contractual rights." 08-21808-CIV, 2008 WL 2940667, at *6 (S.D. Fla. July 28, 2008) (internal citations omitted); *see also Lynch v. Silcox*, 01-8800-CIV, 2001 WL 1200656, at *6 (S.D. Fla. Oct. 4, 2001) (noting the public interest in protection of trade secrets and other confidential information as well as in the enforcement of reasonable contracts).

Here, the public interest in protecting and enforcing contractual rights, as well as in protecting trade secrets and confidential information, will be served by the entry of a temporary restraining order and preliminary injunction against Escoriaza to prevent further breaches of the Employment Agreement and irreparable harm to Dynasty.

      **v.**    **No Notice to Escoriaza Should be Required.**

The affidavits submitted show that Dynasty Sports may suffer immediate and irreparable injury, loss or damage before Escoriaza can be heard in opposition. Importantly, Escoriaza agreed that in the event he breached his Employment Agreement, Dynasty Sports "would suffer immediate

6

and irreparable harm… " Halberg Aff., Ex. 4 at ¶ 4.2. Escoriaza further agreed that in the event of his breach or threatened breach of his Employment Agreement, that Dynasty Sports "shall have the right to seek relief from a court to restrain me (on a temporary, preliminary and permanent basis[.]" *Id.* If Escoriaza is given notice before a temporary restraining order is entered, there is a substantial risk that notice itself may cause irreparable injury – any further use or disclosure of Dynasty Sports' Confidential Information could be permanently devastating to Dynasty Sports' business.

Dynasty Sports' attorney has certified in writing below the reasons why notice should not be required. Specifically, Dynasty Sports' attorney has not made efforts to give notice to Escoriaza of the filing of this Motion, as Dynasty Sports and its counsel believe strongly that advance contact with Escoriaza will trigger irreparable injury to Dynasty Sports, including but not limited prompting use and disclosure of the Trade Secrets the Confidential Information. As discussed above, there is also an extraordinary risk that Escoriaza will delete, secure, move, or obscure the Confidential Information in his possession to avoid preservation and production of incriminating evidence of his use and disclosure of same. *See All Leisure Holidays Ltd. v. Novello*, 12-62328-CIV, 2012 WL 5932364, at *6 (S.D. Fla. Nov. 27, 2012) ("Given the malleable nature of electronically stored information, the Court finds sufficient cause to support entry of an *ex parte* TRO.").

### B. The Court has Discretion to Waive the Bond Requirement.

In *Tancogne v. Tomjai Enters. Corp.*, 408 F.Supp. 2d 1237 (S.D. Fla. 2005), the Southern District stated that "[t]his Court has the discretion to issue a preliminary injunction without requiring Plaintiffs to give security, notwithstanding the seemingly mandatory language of the rule." *See, e.g., Univ. Books and Videos, Inc. v. Metro. Dade County*, 33 F. Supp. 2d 1364, 1374

7

(S.D. Fla. 1999); *Popular Bank of Fla. v. Banco Popular de P.R.*, 180 F.R.D. 461, 463-65 (S.D. Fla. 1998); *Campos v. I.N.S.*, 70 F.Supp. 2d 1296, 1310 (S.D. Fla. 1998). In the Employment Agreement, Escoriaza agreed that Dynasty Sports "shall not be required to post a bond to secure against an imprudently granted injunction (whether temporary, preliminary or permanent)." Halberg Aff., Ex. 4 at ¶ 4.2. Moreover, Escoriaza's scheme to misappropriate the Trade Secrets and use and disclose the Confidential Information was in willful disregard of both the law and the Employment Agreement, and without regard to the harm that may be caused to Dynasty Sports in his actions. Escoriaza has no legal right to misappropriate the Trade Secrets or to use or disclose the Confidential Information, so even if the entry of a temporary injunction or preliminary injunction were wrongful, Escoriaza will have suffered no damages. Thus, Dynasty Sports requests that this Court use its discretion to waive the bond requirement under Rule 65(c), Federal Rules of Civil Procedure.

Based upon the foregoing facts and exhibits, Dynasty Sports has uncovered substantial evidence to support its claims against Escoriaza, and thus has a high probability of succeeding on the merits. *See Univ. Book*, 33 F.Supp. 2d at 1374 (noting that security generally was not required when, for example, the party seeking the injunction has a high probability of succeeding on the merits of its claim). For these reasons, Dynasty Sports requests this Court use its discretion to waive the bond requirement under Rule 65(c), Federal Rules of Civil Procedure.

### IV.   CONCLUSION

For the foregoing reasons, entry of *ex parte* temporary restraining order, as well as a preliminary injunction, are warranted to prevent immediate and irreparable harm to Dynasty Sports. In accordance with Local Rule 7.1(a)(2), this Motion is accompanied by a proposed temporary restraining order, attached as **Exhibit "A."**

WHEREFORE, Dynasty Sports respectfully requests that this Honorable Court: (1) grant this Motion; (2) enter an *ex parte* temporary restraining order; (3) enter a preliminary injunction; and (4) grant any further relief this Court deems just and appropriate.

### CERTIFICATION OF COUNSEL AS TO NOTICE

I HEREBY CERTIFY that Dynasty Sports has not made efforts to give notice to Escoriaza of the filing of this Motion, as I and Dynasty Sports believe strongly that advance notice to Escoriaza will trigger irreparable injury to Dynasty Sports, including but not limited prompting copying, use and disclosure, or destruction of the Trade Secrets the Confidential Information. As discussed above, there is also an extraordinary risk that Escoriaza will delete, secure, move, or obscure the Confidential Information in his possession to avoid preservation and production of incriminating evidence of his use and disclosure of same.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**CERTIFICATION OF COUNSEL AS TO EMERGENCY NATURE OF MOTION**

After reviewing the facts and researching applicable legal principles, I certify that this Motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Could would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

Dated: June 3, 2019.

Respectfully submitted,

s/Eric Ostroff
Eric Ostroff
Fla. Bar No. 10130
eostroff@melandrussin.com
Meaghan E. Murphy
Florida Bar No. 102770
mmurphy@melandrussin.com
MELAND, RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Attorneys for Dynasty Sports*