UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22261-BLOOM/Louis

CRUBIN, LLC, a Florida limited
liability company,

    Plaintiff,
v.

JESUS "ALEX" ESCORIAZA,
an individual,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the parties' Joint Agreed Motion to Seal, ECF No. [83] ("Motion"), filed on May 18, 2020, which seeks leave to file the following items under seal: (1) an unredacted copy of the full transcript of the deposition of Defendant Jesus "Alex" Escoriaza ("Defendant"), including exhibits, ECF No. [75-1] ("Escoriaza Transcript"); (2) an unredacted copy of the full transcript of the deposition of Ana Manzanares, including exhibits, ECF No. [75-2] ("Manzanares Transcript"); (3) Defendant's Opposition to Plaintiff's Motion for Summary Judgment, ECF No. [79] ("Defendant's MSJ Response"); (4) Consolidated Response to Statement of Material Facts, ECF No. [80] ("Defendant's Consolidated SMF"); (5) Defendant's Motion for Summary Judgment, ECF No. [81] ("Defendant's MSJ"); and (6) unredacted copies of Exhibits 9-11 from the deposition of Brian Levy, ECF No. [78-8] at 33-52 (redacted); ECF No. [78-9] at 34-41 (redacted) (collectively, the "Levy Exhibits"). ECF No. [83] at 1. The Motion represents that the items identified above contain material identified as "Confidential" or "Highly Confidential" pursuant to the parties' Agreed Discovery Confidentiality Order, ECF No. [52]. ECF No. [83] at

4-5. The Court has reviewed the Motion, the relevant redacted filings, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

"[T]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-74 (1980)). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *see also* S.D. Fla. L.R. 5.4(a) ("Unless otherwise prohibited by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record."). Where a court "attempts to deny access in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest." *Newman v. Graddick*, 696 F.2d 796, 802-03 (11th Cir. 1983); *see also Brown*, 960 F.2d at 1015-16 (11th Cir. 1992); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1992).

Courts "have discretion to determine which portions of the record should be placed under seal, but [such] discretion is guided by the presumption of public access to judicial documents." *Perez-Guerrero v. U.S. Attorney Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). "'What transpires in the court room is public property,' and both judicial proceedings and judicial records are presumptively available to the public." *Id.* (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). "Courts have discretion to determine which portions of the record, if any, should remain under seal, and this discretion is 'to be exercised in light of the relevant facts and circumstances of the particular case.'" *Id.* (citation omitted). When a party seeks to seal only particular documents

within the record, a court's task is only "to balance the competing interests of the parties," which includes "whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events." *Id.* at 1235-36 (citations omitted).

"Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (citation omitted). Indeed, a motion that is "'presented to the court to invoke its powers or affect its decisions,' whether or not characterized as dispositive, is subject to the public right of access." *Id.* at 1246.

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

Here, the Motion clearly sets forth good cause for filing the Escoriaza Transcript, the Manzanares Transcript, and the Levy Exhibits under seal, explaining that these items contain trade secrets and other confidential information, such as attorney correspondence relating to third parties, technical infrastructure, business strategy, commercially sensitive transactional, marketing, technical, research, development, business strategy, and otherwise non-public and proprietary information. ECF No. [83] at 2-4. Thus, the Court concludes that good cause exists to place these items under seal and this request is therefore granted.

However, with regard to Defendant's MSJ Response, Defendant's Consolidated SMF, and Defendant's MSJ, which "contain IP Addresses that are confidential and non-public information," *id.* at 3, the Court is unpersuaded that the requisite good cause exists to file these documents under

seal. In considering the factors, the Court finds that sealing these documents in their entirety is unwarranted. Absent any compelling factual or legal basis for departing from the general rule requiring public filings, the Court will not permit such items to be placed under seal. *See* S.D. Fla. L.R. 5.4(b)(1). However, Defendant's MSJ Response, Defendant's Consolidated SMF, and Defendant's MSJ may remain on the docket in their current redacted versions.

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [83]**, is **GRANTED in part and DENIED in part** as follows:

1. The parties' requests to file the following items under seal are **GRANTED**:

    a. An unredacted copy of the full transcript of Defendant's deposition, including exhibits, **ECF No. [75-1]**.

    b. An unredacted copy of the full transcript of the deposition of Ana Manzanares, including exhibits, **ECF No. [75-2]**.

    c. Unredacted copies of Exhibits 9-11 from the deposition of Brian Levy, **ECF No. [78-8] at 33-52; ECF No. [78-9] at 34-41**.

2. The parties' requests to file the following items under seal are **DENIED**:

    a. Defendant's Response in Opposition to Plaintiff's Motion for Summary Judgment, **ECF No. [79]**.

    b. Defendant's Consolidated Response to Plaintiff's Statement of Material Facts, **ECF No. [80]**.

    c. Defendant's Motion for Summary Judgment, **ECF No. [81]**.

Case No. 19-cv-22261-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 19, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record